ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| IMA JEAN EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-101 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Ima Jean Evans ("Plaintiff"), appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Based on claims of disability dating back to December 22, 2000, Plaintiff first applied for DIB on November 7, 2001; her application was denied initially and upon reconsideration. Tr. ("R.") pp. 67-69, 72-74, 91-93. Plaintiff requested a hearing before an Administrative Law

Judge ("ALJ"), and a hearing was held on October 16, 2002. R. 652-69. The hearing was continued in order to further develop the medical record, and a supplemental hearing was held on August 3, 2003. R. 603-18, 668. The ALJ issued the first unfavorable decision[1] on August 27, 2003, and Plaintiff sought review from the Appeals Council ("AC"). R. 255-64, 487, 489-92.

While awaiting review from the AC, Plaintiff filed a new application for DIB on September 24, 2003. R. 295-97. This new request was denied initially and upon reconsideration, and Plaintiff once again sought a hearing before an ALJ. R. 274-77, 279-82. Plaintiff's second hearing was held on March 14, 2006. R. 564-602. While Plaintiff awaited the results of the March 2006 hearing, the AC granted Plaintiff's requested review of the first unfavorable decision, vacated the decision of the ALJ, and remanded the matter for further proceedings. R. 495-98. Subsequently, the ALJ from the March 2006 hearing issued the second unfavorable decision on July 17, 2006.[2] R. 477-86. Plaintiff requested another review by the AC, and on November 22, 2006, the AC vacated the second decision as well. R. 508-10. The AC remanded the matter for further proceedings and also directed that the earlier remand of the first unfavorable decision be considered in conjunction with the remand of the

---

[1] In Plaintiff's first unfavorable decision, the ALJ concluded that although Plaintiff could not return to her previous work, her ability to perform work at all exertional levels was not significantly affected by her non-exertional limitations, and therefore, Plaintiff was not disabled. R. 263-64.

[2] The ALJ in Plaintiff's second unfavorable decision also concluded that Plaintiff could not return to her previous work, but was not disabled because her ability to perform work at all exertional levels was not significantly affected by her non-exertional limitations. R. 485-86.

2

second unfavorable decision so that a consolidated decision could be rendered on both Plaintiff's 2001 and 2003 applications. Id.

In the order vacating the first unfavorable decision, the AC noted that the ALJ had not reconciled his opinion with the opinions of two state medical consultants and one consultative examining physician. R. 496. The AC also found that the ALJ failed to assess whether Plaintiff's obesity was a severe impairment. R. 496. In the order vacating the second unfavorable decision, the AC found that although the ALJ decided that Plaintiff's obesity was not severe, he did not properly evaluate Plaintiff's obesity using Social Security Ruling ("SSR") 02-1p. R. 509. The AC also noted that the ALJ failed to account for the impact of Plaintiff's "handling limitation" on her available occupational base. R. 509-10.

As a result, the AC specifically instructed the ALJ to conduct a new hearing and: 1) evaluate all the medical evidence of record to determine Plaintiff's severe impairments, 2) give further consideration to Plaintiff's maximum Residual Functional Capacity ("RFC") with specific references to the record to support assessed limitations, 3) "if necessary, obtain evidence from a medical expert to clarify the nature and severity of [Plaintiff's] impairment," 4) obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base, and 5) further evaluate Plaintiff's obesity in accordance with SSR 02-1p. R. 497, 510. A new hearing was held on December 21, 2007. R. 619-51. Plaintiff, who was represented by counsel, appeared and testified on her own behalf, along with her daughter. R. 626-34. The ALJ also heard testimony from a VE at the hearing. R. 634-50. On January 25, 2008, the ALJ issued another unfavorable decision. R.

3

45-57.

Applying the five step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 22, 2000, through her date last insured of December 31, 2004. (20 C.F.R. §§ 404. 1520(b), 1571 *et seq.*).

2. Through the date last insured, the claimant had the following severe impairments: obesity and mild carpal tunnel syndrome (20 C.F.R. §§ 404.1520(b), 1521 *et seq.*).

3. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 1525-26).

4. [T]hrough the date last insured, the claimant had the residual functional capacity to perform medium work.[3] The claimant has the ability to lift and carry 50 pounds occasionally (2 ½ hours in an eight-hour workday) and 25 pounds frequently. She can perform fine and gross manipulative activities for no more than 3 ½ hours in an eight-hour workday due to mild carpal tunnel syndrome. Through the date last insured, the claimant was unable to perform past relevant work (20 C.F.R. § 404.1565).

5. Based on the claimant's age, education, work experience, and the testimony of the vocational expert, there are jobs that exist in significant numbers in the national economy that the claimant can perform such as: a kitchen helper . . . of which there are 15, 678 jobs in the state of Georgia and 570,000 in the nation; as a bagger . . . of

---

[3]Medium work involves:

lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c).

4

> which there are 30,000 jobs in the state of Georgia and 877,000 jobs in the nation; and as a laborer in stores . . . of which there are 19,000 jobs in the state of Georgia and 483,000 jobs in the nation. . . . Thus, the claimant was not under a disability as defined in the Social Security Act, at any time from December 22, 2000, the alleged onset date, through December 31, 2004, the date last insured (20 C.F.R. § 404.1520(g)).

R. 51-57.

When the AC denied Plaintiff's subsequent request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to once again review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff argues that her case should be remanded because the ALJ rejected the opinions of Plaintiff's treating physician, Sandra L. Souza, M.D., and consulting physician, Dallas Dan von Hessler, D.O., for reasons that are not supported by substantial evidence. Pl.'s Br., pp. 2, 15-20. Plaintiff also claims that the ALJ erred by asking the VE a defective hypothetical question. Id. at 2, 14-15; Pl.'s Reply Br., p. 2. The Commissioner maintains that: 1) the determination made by the ALJ regarding physician opinions is supported by substantial evidence; and 2) the ALJ properly relied upon the testimony of the VE. See generally Comm'r's Br.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145

(11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal

conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Because Plaintiff's allegations of error regarding the treatment of the opinions and records of treating physician, Dr. Souza, and consulting physician, Dr. von Hessler, are dispositive of the case, the Court will focus its attention on those issues.[4] Plaintiff argues that the ALJ did not sufficiently demonstrate good cause for discrediting Dr. Souza's opinion and also erred in discrediting the opinion of Dr. von Hessler. Pl.'s Br., pp. 15-16, 19. The Commissioner argues in a general fashion that the ALJ carefully considered all of the medical opinions of record and determined that Dr. von Hessler's opinion was not supported by his own examination notes and that Dr. Souza's findings in her Physical Capacities Evaluation ("PCE") were unsupported by the reported objective evidence, as well as clinical findings, and were contradicted by the assessments and opinions of several other doctors of record. Comm'r's Br., Attach. 1, p. 12. For the reasons explained below, the Court concludes that Plaintiff has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a

---

[4]The Commissioner does not dispute Dr. Souza's treating physician status, nor Dr. von Hessler's status as a consultative physician. Comm'r's Br., p. 12.

7

treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

The Eleventh Circuit has also ruled that "[t]he ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'" Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*) (citations omitted). Although the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion, Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983), failure to explain the weight given to different medical opinions is reversible error. Sharfarz, 825 F.2d at 279.

Additionally, under 20 C.F.R. § 404.1519a, the Social Security Administration may

8

purchase a consultative examination and use the resultant report to try to resolve conflicts or ambiguities in the record. Although ALJs are not bound by the findings of consultative examiners, these opinions must be considered when determining whether a claimant is "disabled" under the Social Security Act. 20 C.F.R. § 404.1527 (d). However, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record. Crawford v. Commissioner of Soc. Sec., 363 F.3d 155, 1160-61 (11th Cir. 2004) (*per curiam*).

### A. Dr. Souza's Opinion

The record reveals that Dr. Souza was Plaintiff's treating physician from January of 2000 through January of 2003. R. 176, 242. In Dr. Souza's PCE, she opined that Plaintiff could only stand for thirty minutes at a time, sit for two hours at a time, and could do no lifting on a regular basis. R. 214. Dr. Souza further submitted that Plaintiff could not use her hands for either repetitive gross or fine motor manipulation. R. 215. As such, her assessment directly conflicts with the ALJ's conclusion that Plaintiff had the ability to lift and carry fifty pounds occasionally, twenty-five pounds frequently, and could perform fine and gross manipulative activities for up to three-and-a-half hours in an eight-hour workday. R. 52. The Commissioner argues that the ALJ carefully considered all of the medical evidence of record and determined that Dr. Souza's opinion was unsupported by objective findings, inconsistent with clinical findings and reports of record, and contradicted by the assessments and opinions of four other physicians. Comm'r's Br., p. 12. However, like the ALJ's decision, the Commissioner's brief fails to provide any specific examples from Dr. Souza's record to

9

support his argument.

In Morrison v. Barnhart, the United States District Court for the Middle District of Florida found that the ALJ had failed to properly assess the opinion of one of the plaintiff's treating physicians when the only explanation provided for doing so was that the treating physician's opinion "was not consistent with the record evidence as a whole, including the doctor's own examination findings." Morrison v. Barnhart, 278 F. Supp. 2d 1331, 1335 (M.D. Fla. 2003) (internal quotation marks omitted). In doing so, the court stated that it was difficult to determine if good cause existed to dismiss the treating physician's opinion because of "the ALJ's failure to specify the reasons for rejecting [the treating physician's] opinion." Id. at 1336. Additionally, the court noted that the opinions of treating physicians are especially important due to the longitudinal picture of the plaintiff's medical impairments that they can provide. Id. (citing 20 C.F.R. § 404.1527(d)(2)). On remand, the ALJ was ordered to reevaluate the treating physician's opinion and identify which of the physician's examination findings were inconsistent with that physician's opinion. Id.[5]

Here, the Court faces a very similar situation to that in Morrison. By way of explaining

---

[5]The Court recognizes that, in Morrison, the court also stated that the opinion of the treating physician was "even more valuable" due to the plaintiff's fibromyalgia and the treating physician's specialization as a rheumatologist. Barnhart, 278 F. Supp. at 1335-36. However, the court's finding that the ALJ failed to provide an adequate explanation for discounting the treating physician's opinion did not depend upon the increased value of the that physician's opinion. Id. at 1336 ("[The treating physician's] opinion is especially important, and the ALJ's explanation that [the treating physician's] opinion is not consistent with the evidence of record as a whole, including the doctor's own examination findings, is too general to permit meaningful judicial review . . .") (emphasis added) (internal quotation marks omitted).

his decision to give the opinion of treating physician, Dr. Souza, no weight, the ALJ stated:

> [T]he evidence of record, <u>including Dr. Souza's own findings</u>, do not support the extreme limitations contained in her physical capacities evaluation. Therefore, the undersigned discounts [her] opinion and gives [it] no evidentiary weight.

R. 55 (emphasis added). Here, just as in <u>Morrison</u>, the ALJ's analysis stops without any further explanation of exactly what Dr. Souza's opinion was and without citing any specific examples from the approximately forty pages of Dr. Souza's medical record that conflict with the findings in her PCE.[6] Although the ALJ was not bound to accept Dr. Souza's conclusion that Plaintiff was disabled, refusal to give her opinion as a treating physician substantial weight requires that the ALJ show good cause. <u>Schnorr</u>, 816 F.2d at 578. In the instant case, just as in <u>Morrison</u>, the ALJ's failure to give specific reasons for rejecting Dr. Souza's opinion makes it difficult for the Court to determine if good cause exists.[7]

The Court is not stating that the ALJ must accept Dr. Souza's opinion at face value or that there are no conflicts between her treatment record and the findings in her PCE. However, it is the ALJ's duty to sufficiently articulate not just his general reasons for giving Dr. Souza's

---

[6] Exhibit B-1F, which the ALJ cites to when referencing Dr. Souza's record, consists of records from three different treating physicians, including Dr. Souza. R. 348-97. Thus, it is not entirely clear that the ALJ was relying on Dr. Souza's record, and not those of a different treating physician, when concluding that her opinion was not supported by her own findings. Additionally, the Court notes that the ALJ made no mention of the other two treating physicians whose records are contained in exhibit B-1F: James J. Kirkland, M.D., and James W. Price, M.D.

[7] In contrast to his treatment of Dr. Souza's opinion, the ALJ provided thorough and detailed explanations of the other medical opinions of record in support of his decision. R. 51-55. However, the ALJ fails to specifically link those explanations to his decision to discount Dr. Souza's opinion.

11

opinion no weight, but the analysis behind those reasons, so that the Court can conduct a meaningful review of the administrative decision. See Evans v. Astrue, 2009 WL 1537851 at *4 (M.D. Ala. 2009) (When . . . the ALJ stated his reasons for giving less weight, "he must clearly articulate his reasoning and the failure is reversible error" (quoting Pritchett v. Comm'r. Soc. Sec. Admin., 315 F. App'x 806, 810 (11th Cir. 2009) (*per curiam*) (emphasis added)). Stated otherwise, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner via the ALJ. Martin, 748 F.2d at 1031.

Therefore, if the ALJ chooses to state that there is a conflict between a treating physician's treatment record and that doctor's expressed limitations in a PCE, as was the case here with Dr. Souza, then the ALJ's decision must include an explanation of that treating physician's record and how it conflicts with the espoused limitations. Thus, remand is appropriate so that the ALJ can provide an explanation of the analysis behind discounting Dr. Souza's opinion in accordance with the Court's instructions, as provided below.

**B.    Dr. von Hessler's Report**

As to Dr. von Hessler, the ALJ's decision focused on the portions of Dr. von Hessler's report that supported his conclusion, while failing to adequately address the parts that did not. Dr. von Hessler concluded in his RFC that Plaintiff was limited to lifting 20 pounds occasionally and 10 pounds frequently, could stand for six hours, and was limited to occasional balancing, stooping, crouching, kneeling and crawling. R. 225-27. Dr. von Hessler cited to Plaintiff's shoulder and neck pain as the reason for each impairment. Id. In discounting Dr.

von Hessler's opinion, the ALJ stated that,

> Dr. von Hessler's essentially light residual functional capacity is not consistent with his own examination results. In his narrative report, Dr. von Hessler indicated results that were totally negative.

R. 55.

Despite his cursory rejection of Dr. von Hessler's RFC, the ALJ relied upon Dr. von Hessler's finding that Plaintiff's obesity did not affect her mobility, respirations, heart function or ambulation in order to demonstrate the limited impact of Plaintiff's obesity. R. 51. The ALJ also relied upon Dr. von Hessler's findings that Plaintiff had the ability to reach, handle, finger and feel as well as perform appropriate fine and gross manipulation to bolster his conclusion that Plaintiff was not disabled. R. 54. Yet the ALJ did not mention Dr. von Hessler's observations that Plaintiff could only lift and carry weight with difficulty or that Plaintiff could have problems adhering to a work schedule and production norms due to pain in her lower back, legs and shoulder. R. 55, 223-24. Although the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record, Crawford, 363 F.3d at 1160-61, a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter, 791 F.2d at 1548. Here, the ALJ specifically relied upon the parts of Dr. von Hessler's report that supported his decision while ignoring the parts that conflicted with it.

In sum, although it is by no means clear that Plaintiff is entitled to DIB, it is clear that the ALJ's decision failed to consider the entirety of Dr. von Hessler's report or provide an adequate explanation of the decision to give Dr. Souza's opinion no weight. The Court is

mindful of the difficulties of evaluating a claimant's impairments and weighing the medical opinions that appear in an administrative record. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with sound, meaningful review of the administrative decision. Therefore, upon remand, the ALJ is directed to reexamine Dr. Souza's record, discuss specific examples from the record that conflict with the findings in her PCE, and provide an explanation of how they conflict.[8] Additionally, the ALJ is directed to reexamine the report of Dr. von Hessler and, if the ALJ utilizes parts of that report to support his decision, then he must also provide an explanation for discounting the parts of the report that may conflict with his decision.[9]

---

[8] The Court is not suggesting that the ALJ must exhaustively detail every entry from Dr. Souza's record and explain whether they do or do not support the findings in her PCE. See McCray v. Massanari, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001) (citations omitted). Rather, as was the case in Morrison, the Court expects the ALJ to describe Dr. Souza's medical record in a manner that sufficiently demonstrates that he considered her record as a whole, and explain how that record detracts from Dr. Souza's PCE. See Morrison v. Barnhart, 278 F. Supp. 2d at 1336; see also Pritchett, 315 F. App'x at 810.

[9] The Court is aware of Plaintiff's argument that the ALJ's hypothetical posed to the VE was not proper because it asked the VE to identify jobs that required fine and gross manipulative activities up to five-and-a-half hours a day while the ALJ's decision stated that Plaintiff could only do so for up to three-and-a-half hours a day. Pl.'s Br., p. 15; Pl.'s Reply Br. p. 2. However, in light of the recommendation for remand based on the ALJ's failure to properly consider all of Dr. von Hessler's report, or explain his reasons for assigning no weight to Dr. Souza's opinion, the Court need not resolve the appropriateness of the ALJ's hypothetical. Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects. For example, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED AND RECOMMENDED this 29th day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).